FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01513-BNB

BRYAN MARTINEZ,

       Plaintiff,

v.

THE STATE OF COLORADO, et al.,

       Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Bryan Martinez, initiated this action by filing *pro se* a Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Martinez's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be directed to file an amended complaint.

Mr. Martinez names fifty Defendants in the Complaint, including government and private entities, government employees, and private citizens. He claims that all of the Defendants conspired to deprive him of his rights in violation of various federal civil and criminal statutes. Mr. Martinez alleges that he suffers from a mental disability and his claims appear to stem from alleged widespread and pervasive wrongful treatment that he has received from the Defendants as a result of that disability. He seeks monetary relief from the Defendants.

The Complaint is deficient, however, because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  In order for Mr. Martinez to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Martinez fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  His allegations are difficult to decipher and do not provide enough information to inform the Court or the Defendants about the factual basis of the claims.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted

2

upon any legally sustainable basis." *Id.*

Mr. Martinez will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. Mr. Martinez is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Martinez has asserted violations of his constitutional rights under 42 U.S.C. § 1983. Section 1983 redresses deprivations of federal statutory or constitutional rights committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To hold an individual liable under § 1983, a plaintiff must assert personal participation by the named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martinez must state facts to show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Mr. Martinez is advised that a defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for a constitutional violation that he or she has caused. *See Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010).

In addition, municipalities such as the City of Longmont and Boulder County are

3

not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To hold a municipality or County liable for his injuries under 42 U.S.C. § 1983, Mr. Martinez must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1316-20 (10th Cir. 1998). Mr. Martinez cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Moreover, the State of Colorado and its agencies are immune from monetary liability under the Eleventh Amendment. *See McWilliams v. State of Colorado*, 121 F.3d 573, 575 (10th Cir. 1997); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). Federal agencies such as the Social Security Administration and the Internal Revenue Service are also immune from monetary liability. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 484-86 (1994).

Mr. Martinez claims that the Defendants violated several federal criminal statutes, 18 U.S.C. §§ 1951, 241, 245, 1001, 1005, 1018, 1505, 1506, 1507 and 2340. However, those statutes do not provide him with a private cause of action for damages. *See, e.g., Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *see also Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Accordingly, Mr. Martinez cannot maintain a claim for relief under any of the enumerated criminal statutes.

Accordingly, it is

ORDERED that Plaintiff, Bryan Martinez, file **within thirty days from the date of this order,** an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure and otherwise complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martinez, together with a copy of this order, two copies of the Court-approved Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that if Mr. Martinez fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without prejudice without further notice.

DATED at Denver, Colorado, this 7th day of July, 2011.

BY THE COURT:

_s/Craig B. Shaffer_____
Craig B. Shaffer
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01513-BNB

Bryan Martinez
37 Gardner Dr
Longmont, CO 80501

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on July 7, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk