FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01513-BNB

BRYAN MARTINEZ,

    Plaintiff,

v.

THE STATE OF COLORADO, et al.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Bryan Martinez, initiated this action by filing *pro se* a Complaint. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On July 7, 2011, Magistrate Judge Craig B. Shaffer ordered Plaintiff to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Martinez filed an Amended Complaint on August 5, 2011.

    The Court must construe Mr. Martinez's filings liberally because he is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Amended Complaint and this action.

    Mr. Martinez named fifty Defendants in the original Complaint, including government and private entities, government employees, and private citizens. In the Amended Complaint, he names the State of Colorado, *et al.*, as the Defendant(s) in the caption, but in the body of the Complaint, Plaintiff asserts claims against almost all of

the same parties named in the original Complaint. Mr. Martinez claims that the defendants conspired to deprive him of his rights in violation of various federal civil and criminal statutes. Mr. Martinez alleges that he suffers from a mental disability and his claims appear to stem from alleged widespread and pervasive wrongful treatment that he has received from the defendants as a result of that disability. Plaintiff seeks monetary relief from the Defendants. However, Mr. Martinez fails to provide factual allegations in support of his claims.

Mr. Martinez may not pursue the claims he is asserting pursuant to various federal criminal statutes because he lacks standing to invoke the authority of the office of the United States Attorney under 28 U.S.C. § 547 to prosecute for offenses against the United States. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."); *accord Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action).

In addition, the State of Colorado and its agencies are immune from monetary liability under the Eleventh Amendment. *See McWilliams v. State of Colorado*, 121

F.3d 573, 575 (10th Cir. 1997); *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988). Federal agencies such as the Social Security Administration and the Internal Revenue Service are also immune from monetary liability. *See F.D.I.C. v. Meyer,* 510 U.S. 471, 484-86 (1994).

Furthermore, the Amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez fails to set forth a short and plain statement of his claims showing that he is entitled to relief. His allegations, although set forth in a thirty-nine page

3

pleading, are difficult to decipher and do not provide enough information to inform the Court or the Defendants about the factual basis of the claims. Neither the Court nor Defendants are required to guess the specific factual allegations that support the claims Plaintiff is attempting to assert. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Amended Complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the July 7, 2011 Order, and therefore must be dismissed. Accordingly, it is

ORDERED that the Amended Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Bryan Martinez, to comply with the pleading requirements of Fed. R. Civ. P. 8 and the directives of the July 7, 2011 Order for an amended complaint.

DATED at Denver, Colorado, this  10th  day of   August  , 2011.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01513-BNB

Bryan Martinez
37 Gardner Dr
Longmont, CO 80501

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 10, 2011.

                                    GREGORY C. LANGHAM, CLERK

                           By: _____
                                        Deputy Clerk